Liljegren v. Kropp Forge Co., 201 Ill. App. 565.

dence that it was in fact in bad or unsafe repair and condition, either by reason of a plank being broken, or because the planks were loose and not fastened to the stringers.

---

## Augusta Liljegren, Appellee, v. Kropp Forge Company, Appellant.

### Gen. No. 22,371.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZ-ZINI SLUSSER, Judge, presiding. Heard in this court at the March term, 1916. Reversed with finding of fact. Opinion filed October 30, 1916. Rehearing denied November 13, 1916.

### Statement of the Case.

Action by Augusta Liljegren, plaintiff, against the Kropp Forge Company, defendant, in the Superior

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Court of Cook county, to recover compensation under the Occupational Diseases Act (J. & A. ¶ 5433 *et seq.*), for the death of plaintiff's husband while employed by defendant as a heater in its blacksmith and forge room. From a judgment for plaintiff for $3,000, defendant appeals.

It appeared that after being employed in the forge room for four or five days deceased became unconscious and died in half an hour. Plaintiff claimed that death was due to heat exhaustion. Deceased's duties were to feed coke into one of the furnaces and to insert and take out steel billets. The evidence tended to show that the temperature of the room was from 85 to 90 degrees at the time deceased became unconscious. The evidence as to whether devices could have been adopted to reduce the heat was conflicting. There was evidence that just before deceased's death a flow from his mouth had the odor of whisky, and that a partly filled flask of whisky was found in his pocket. The evidence also tended to show that at that time deceased had been drinking, and that a temperature of from 85 to 90 degrees would only slightly affect the health of a normal man. The verdict of the coroner's jury was that death was due to "organic heart disease, combined with insolation," but the doctor testified that "the cause of death was apoplexy, which is a hardening of the arteries and the rupture of a blood vessel in the cranium."

H. L. Howard, for appellant.

Charles C. Spencer, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 11*—*when death not caused by accident within meaning of act.* The death of a workman who, after four or five days' employment as a heater in a blacksmith and forge room, becomes unconscious and dies within half an hour is not caused by an accident within the meaning of the title of the Workmen's Compensation Act of 1913 (Cal. Ill. St. Supp. 1916, ¶ 5475 *et seq.*), providing for "compensation for accidental injuries or death suffered in the course of employment."

2. MASTER AND SERVANT, § 701*—*when evidence insufficient to show death resulted from violation of statute.* In a proceeding brought under the Occupational Diseases Act (J. & A. ¶ 5433 *et seq.*), to recover compensation for the death of a workman who, after four or five days' employment as a heater in a blacksmith and forge room, became unconscious and died within half an hour, evidence *held* insufficient to show that deceased came to his death through any omission or act of the employer in violation of the act.

3. MASTER AND SERVANT, § 701*—*what proof necessary as to cause of death.* In order to recover compensation for the death of a workman under the Occupational Diseases Act (J. & A. ¶ 5433 *et seq.*), requiring employers to employ certain devices and methods to prevent such diseases, it must be proved that the cause of the death was the failure of the employer to comply with the act.

4. MASTER AND SERVANT, § 50b*—*when evidence sufficient to show cause of death.* In a proceeding under the Occupational Diseases Act (J. & A. ¶ 5433 *et seq.*), to recover compensation for the death of a workman who, after four or five days' employment in a blacksmith and forge room, became unconscious and died in half an hour, evidence examined and *held* to show that the cause of deceased's death was apoplexy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.